**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARI ANGGRIANI; et al. | No. 09-71654 |
| Petitioners, | Agency Nos.    A079-530-672 |
| | A079-530-673 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:       CANBY, GRABER, and M. SMITH, Circuit Judges.

Sari Anggriani and her husband, natives and citizens of Indonesia, petition

for review of the Board of Immigration Appeals' order dismissing their appeal

from an immigration judge's decision denying their application for asylum,

withholding of removal, and protection under the Convention Against Torture

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *See Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's determination that Anggriani did not experience harms in Indonesia amounting to past persecution. *See id*. at 1059-60; *Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009). In addition, even as a member of a disfavored group, the record does not compel the conclusion that Anggriani established a well-founded fear of persecution in Indonesia because she did not demonstrate sufficient individualized risk of persecution. *See Halim*, 590 F.3d at 979; *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Accordingly, petitioners' asylum claim fails.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not that they will be tortured upon return to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

Finally, petitioners' due process claim fails because the proceedings were not so fundamentally unfair that Anggriani was prevented from reasonably

2                                                                                                      09-71654

presenting her case, and because she failed to demonstrate prejudice. *See*

*Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (requiring prejudice to prevail

on a due process challenge); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)

(requiring error and prejudice for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**